| | |
|---|---|
| 1 | MCGREGOR W. SCOTT |
| | United States Attorney |
| 2 | DEBORAH LEE STACHEL |
| | Regional Chief Counsel |
| 3 | DANIEL P. TALBERT |
| | Special Assistant United States Attorney |
| 4 |     Social Security Administration |
| |     160 Spear Street, Suite 800 |
| 5 |     San Francisco, CA 94105 |
| |     Telephone: (415) 977-8995 |
| 6 |     Facsimile: (415) 744-0134 |
| | Attorneys for Defendant |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JANICE MARIE GOODMAN, | No. 2:17-cv-01228-CKD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER FOR THE AWARD OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that the previously-filed Motion for Attorney's Fees, filed April 2, 2019, shall be withdrawn, and that Plaintiff be awarded attorney fees and expenses under the EAJA in the amount of SIX THOUSAND NINE HUNDRED dollars ($6,900). This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor the assignment

will depend on whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Robert C. Weems, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted April 3, 2019.

DATED: April 2, 2019  */s/ Robert C. Weems*
ROBERT C. WEEMS
(as authorized by email)
Attorney for Plaintiff

MCGREGOR W. SCOTT
United States Attorney

DATED: April 3, 2019  By  *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

Attorneys for Defendant

ORDER

Pursuant to stipulation, it is so ordered. The Clerk of Court shall terminate the motion for attorney fees at ECF No. 26 pursuant to this order.

Dated: April 4, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE